# Hill *versus* The Commonwealth.

A barn constituting part of the necessary buildings of a farm, and although not adjoining nor connected with the dwelling-house thereon, yet so situate that its destruction by fire would endanger the said dwelling-house, is a barn "belonging" to the dwelling-house within the meaning of section 137 of the Penal Code, and the setting fire thereto consequently constitutes the offense of felonious arson under said section.

May 31st 1881.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

[Hill *v.* Commonwealth.]

Error to the Court of Oyer and Terminer of *Lycoming county:* Of May Term 1881, No. 96.

Charles Hill was arraigned at March sessions 1879, of the said Court of Oyer and Terminer upon a charge of arson. Plea, not guilty.

The indictment contained three counts. The first charged him with feloniously, maliciously and voluntarily burning a barn *belonging* to the dwelling-house; the second count with feloniously, maliciously and voluntarily burning a barn, *parcel* of a dwelling-house; the third with feloniously, willfully and maliciously burning a barn containing hay and grain.

Verdict, guilty in manner and form as indicted. The prisoner was sentenced to pay a fine of $500 and the costs of prosecution, and to imprisonment in the state penitentiary for the Eastern District of Pennsylvania for the period of ten years.

Owing to the poverty of the prisoner, the testimony, charge of the court, &c., were not printed. The only specification of error was as follows:

The court erred in their answer as aforesaid to the defendant's point, which point was as follows:

" The defendant's counsel requests the court to charge the jury that if they believe from the evidence that the barn mentioned in the indictment was located at some distance from the dwelling-house, not adjoining nor parcel thereof, nor connected therewith by any intervening structure, and that the dwelling-house was not burned by the burning of the barn, the defendant cannot be convicted under this indictment."

And which the court answered as follows:

" We decline to charge you as requested in this point. We say to you that if you find that the barn which was destroyed was a part of the necessary buildings used on the Barclay farm, and was so situated that its destruction by fire would endanger the dwelling-house on the same premises, then the barn 'belonged to' the dwelling-house, as contemplated by the 137th section of our penal code, and as set forth in this indictment."

*Clinton Lloyds,* for the plaintiff in error.—There is a clear distinction between the offenses set forth in the 137th and 138th sections of the penal code (Purd. Dig. 353, pl. 196, 197), which the learned judge failed to observe. If the defendant was guilty at all, it was of the offense set forth in the 138th section, which makes the act therein mentioned a misdemeanor and not a felony; yet he was charged in all three of the counts with having committed a felony, and was found guilty generally. On conviction for felony, the defendant is debarred from being a witness in his own behalf; not so, on conviction for a misde-

[Hill *v.* Commonwealth.]

meanor. The fact must be assumed, as stated in the point, that the barn burned was located at some distance from the dwelling-house, and was not parcel thereof. This brings. the offense clearly within the 138th section. It is argued that the offense was a felony at the common law; but the prosecuting attorney did not proceed according to the common law, but under the statute. There is no punishment at common law of " imprisonment in the state penitentiary for the Eastern District of Pennsylvania for the period of ten years." I contend that the statute supplanted the old common law offense altogether.

*John J. Reardon* and *J. J. Metzger,* for the defendant in error.—The barn " belonged to " a dwelling-house, and thus came within the second category mentioned in the 137th section of the penal code. The fact that the dwelling-house was not burned does not take the offence out of that category ; for the words " by means whereof a dwelling-house may be burned " apply only to " any other building," mentioned in the third classification.

But if the contention on the other side is right, that the defendant was not properly indicted under the 137th section, then he was properly convicted under the third count of the indictment, because the offense there charged is one at common law, and his sentence did not exceed the maximum for which that offence was punishable : Wharton's Criminal Law 107, section 825 (8th edition); Sampson *v.* Commonwealth, 5 W. & S. 385. If either of the counts was valid, the presumption is that the sentence was founded upon that one.

Mr. Justice PAXSON delivered the opinion of the court, October 3d 1881.

The single assignment of errror in this case involves the proper construction of the 137th section of the penal code. The plaintiff in error was convicted of arson in setting fire to a barn. Upon the trial below his counsel asked ' the court to instruct the jury " that if they believe from the evidence that the barn mentioned in the indictment was located at some distance from the dwelling-house, not adjoining nor parcel thereof, nor connected therewith by any intervening structure, and that the dwelling-house was not burned by the burning of the barn, the defendant cannot be convicted under this indictment." The court answered the point as follows : " We decline to charge you as requested in this point. We say to you that if you find that the barn which was destroyed was a part of the necessary buildings used on the Barclay farm, and was so situated that its destruction by fire would endanger the dwelling-house on the

[Hill *v.* Commonwealth.]

same premises, then the barn ' belonged ' to the dwelling-house as contemplated by the 137th section of our penal code."

The dwelling-house was not burned, and it was contended that for this reason the plaintiff could not be properly convicted under the 137th section, which refers to felonious arson, but should have been indicted under the 138th section, which defines a lower grade of burning and punishes it as a misdemeanor only.

A careful consideration of the 137th section leads us to the conclusion that the learned judge of the court below was correct in his ruling. The section referred to defines and punishes three classes of felonious arson, viz.: 1. The burning of or setting fire to any factory, mill or dwelling-house of another; 2. The burning of or setting fire to any kitchen, shop, barn, stable or other outhouse that is parcel of such dwelling, or belonging, or adjoining thereto; and, 3. The setting fire to or burning of any other building by means whereof a dwelling-house shall be burned. In the cases mentioned in the last class, viz.: " any other building," that is to say, other than those enumerated in the first and second classes, it would be necessary, in order to convict, to aver and prove that a dwelling-house had been burned by means of the particular act charged against the defendant. It is manifest the words " by means whereof a dwelling-house shall be burned," have no application to the first class, as dwelling houses are included in that class. We think it equally clear that they do not apply to the second class. This class comprises only such buildings the burning of which by reason of their proximity to a dwelling-house would endanger the safety of the latter. They must be " parcel of such dwelling or belonging or adjoining thereto." This language is explicit. The legislature have employed apt words to express their meaning. It was intended to reach just such a case as this. As farm buildings are constructed in this state it is seldom the barn adjoins the house; it may not even be parcel of it; but the word " belonging " is comprehensive, and includes all barns so near a dwelling-house on the same premises as to endanger the safety of such house in case of fire. The burning of any building so situated as to endanger a dwelling-house was felonious arson at common law : Wharton's Criminal Law (8th ed.) § 825. This was always a serious offense, and we are not to presume, in the absence of such clearly expressed intent, that the legislature intended to reduce it to the grade of a misdemeanor.

This view is not in conflict with the 138th section, which makes the burning of barns, stables and other buildings not parcel of a dwelling-house, a misdemeanor. This section was manifestly intended to provide for the burning of a barn that is not parcel of a dwelling-house, nor belonging, nor adjoining

thereto, and which is so situated as not to endanger a dwelling-house. Thus considered the two sections are harmonious.

Judgment affirmed.